# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# CLEVELAND DIVISION

| | |
|---|---|
| SARAH H. BROWN and BOB BROWN, | CIVIL COMPLAINT |
| Plaintiffs, | |
| v. | CASE NO. 1:22-cv-00310 |
| FIRST SAVINGS BANK d/b/a FIRST SAVINGS CREDIT CARD, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes SARAH H. BROWN ("Ms. Brown") and BOB BROWN ("Mr. Brown") (collectively, "Plaintiffs"), by and through the undersigned, complaining as to the conduct of FIRST SAVINGS BANK d/b/a FIRST SAVINGS CREDIT CARD ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA) under 47 U.S.C. §227 *et seq.*, the Ohio Consumer Sales Practices Act ("OCSPA") under Ohio Rev. Code. § 1345.01 *et seq.*, Invasion of Privacy (IOP), Trespass to Chattel ("TTC"), and Intentional Infliction of Emotional Distress ("IIED"), stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiffs reside in the Northern District of Ohio and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

## PARTIES

4. Plaintiffs are natural persons over 18 years of age residing in Polk, Ohio, which lies within the Northern District of Ohio.

5. Defendant is a nationwide banking institution who provides personal loans and lines of credit to consumers across the United States, including in the state of Ohio.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Prior to the conduct giving raise to these claims, Plaintiffs obtained a consumer credit card from Defendant.

9. Due to unforeseen financial hardship, Plaintiffs fell behind on their scheduled payments to Defendant, thus incurring debt ("subject debt").

10. In approximately August of 2021, shortly after Plaintiffs defaulted on the subject debt, Defendant began calling Plaintiffs on their cellular numbers, (419) XXX-5061 and (419) XXX-1658, to collect on the upon the past due amounts.

11. Defendant has primarily used the phone numbers (888) 257-7731, (877) 205-1849, (888) 437-0109, (330) 983-0223, (330) 849-3244, and (313) 261-8616 when placing calls to Plaintiffs' cellular phones, but upon belief, Defendant has used other numbers as well.

12. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its attempts to reach customers for collection purposes.

13. Upon speaking with one of Defendant's representatives, Plaintiffs were informed that Defendant was attempting to collect upon the subject debt.

14. On multiple occasions, Defendant's harassing calls prompted Plaintiffs to answer and demand that Defendant cease contacting them.

15. Despite Plaintiffs' efforts, Defendant continued to regularly call their cellular phones through the filing of this complaint.

16. Plaintiffs have received not less than 40 calls from Defendant since asking it to stop calling.

17. Defendant has placed multiple calls to Plaintiffs' cellular phones within the same day, even after Plaintiffs demanded that it stop calling.

18. Furthermore, Defendant has left numerous pre-recorded voicemail messages for Plaintiffs after they had demanded that it stop calling.

19. Frustrated over Defendant's conduct, Plaintiffs spoke with their attorney regarding their rights, resulting in expenses.

20. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on their cellular phones.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Claimant repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24. Defendant used pre-recorded voicemail messages on Plaintiffs' cellular phones, thus bringing its phone calls within the ambit of the TCPA.

25. Defendant violated the TCPA by placing numerous phone calls to Plaintiffs' cellular phones using an automatic telephone dialing system and leaving pre-recorded voicemail messages when they were unavailable to answer one of Defendant's many calls. Any consent that Plaintiffs *may* have given to the Defendant was specifically revoked by Plaintiffs' demand that it cease contacting them.

26. The calls placed by Defendant to Plaintiffs were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

27. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs SARAH BROWN and BOB BROWN, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees;

Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and
d.
e. Awarding any other relief as this Honorable Court deems just and appropriate

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

28. Plaintiffs restate and reallege paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiffs are "consumer[s]" as defined by R.C. § 1345.01(D).

30. Defendant is a "supplier" as defined by R.C. § 1345.01(C).

31. The OCSPA, which is set forth in R.C. §§ 1345.01–1345.99, prohibits suppliers from engaging in unfair, deceptive and unconscionable acts or practices in connection with consumer transactions.

32. Under R.C. § 1345.01(A), a "[c]onsumer transaction means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things."

33. R.C. § 1345.02 further provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

34. "The collection of debts associated with consumer transactions is within the purview of the OCSPA since it covers acts which occur before, during or after the transaction." *Broadnax v. Greene Credit Serv.*, 118 Ohio App. 3d 881, 892, 694 N.E.2d 167, 174 (1997) (citations omitted).

The Sixth Circuit has likewise held that the OCSPA applies to debt collectors, citing the *Broadnax* rationale. *See Schroyer v. Frankel*, 197 F.3d 1170, 1177 (6th Cir. 1999) (citations omitted).

35. Plaintiffs' past due amounts owed to Defendant is debt associated with a consumer transaction.

36. Defendant's attempt to collect the subject debt falls under the OCSPA since it is act occurring after Plaintiffs' underlying consumer transaction.

37. Defendant violated § 1345.02 by engaging in unfair and unconscionable conduct when it repeatedly contacted Plaintiffs and refused to cease despite Plaintiffs' demand.

38. Defendant violated § 1345.02 also by harassing Plaintiffs with numerous collection calls even after they demanded that it stop calling.

39. As plead above, Plaintiffs have suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiffs are entitled to relief pursuant to § 1345.09.

WHEREFORE, Plaintiffs SARAH BROWN and BOB BROWN, respectfully requests that the Honorable Court enter judgment in their favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiffs actual damages pursuant to § 1345.09(A), in an amount to be determined at trial, for the underlying violations;

   c. Awarding costs and reasonable attorney fees pursuant to § 1345.09(F)(2);

   d. Enjoining Defendant from further contacting Plaintiffs; and

   e. Awarding any other relief as the Honorable Court deems just and appropriate.

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

40. Plaintiffs restate and reallege paragraphs 1 through 39 as though fully set forth herein.

41. Defendant, through its barrage of phone calls, has repeatedly and intentionally invaded Plaintiffs' privacy.

42. Defendant's persistent and unwanted phone calls to Plaintiffs' cellular phones eliminated Plaintiffs' right to privacy.

43. Moreover, Defendant's behavior in continuously contacting Plaintiffs by phone at different times and multiple times per day, was highly intrusive and invasive.

44. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiffs' privacy, disrupted Plaintiffs' overall focus, and continually frustrated and annoyed Plaintiffs to the point where Plaintiffs were denied the ability to quietly enjoy their lives, instead having it upended by Defendant's harassing phone call campaign.

45. These persistent collection calls eliminated the peace and solitude that Plaintiffs would have otherwise had in Plaintiffs' home and/or any other location in which Plaintiffs would have normally brought their cellular phones.

46. By continuing to call Plaintiffs in an attempt to dragoon Plaintiffs into payment, Defendant gave Plaintiffs no reasonable escape from its incessant calls.

47. Defendant's relentless collection efforts and tactic of repeatedly dialing Plaintiffs' cellular phones after they requested that these calls cease is highly offensive to a reasonable person.

48. Defendant intentionally and willfully intruded upon Plaintiffs' solitude and seclusion by placing numerous unconsented phone calls to Plaintiffs' cellular phone in a short period of time.

WHEREFORE, Plaintiffs SARAH BROWN and BOB BROWN, respectfully requests that Honorable Court enter judgment in their favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiffs actual damages;

7

    c.    Award Plaintiffs punitive damages;

    d.    Award Plaintiffs reasonable attorney's fees and costs;

    e.    Enjoining Defendant from contacting Plaintiffs; and

    f.    Awarding any other relief as the Honorable Court deems just and appropriate.

## COUNT IV-TRESPASS TO CHATTELS

49. Plaintiffs restate and reallege paragraphs 1 through 48 as though fully set forth herein.

50. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

51. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

52. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

53. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

54. Defendant interfered with Plaintiffs' ability to use their cellular phones while it was in their possession.

55. Defendant barraged Plaintiffs with hundreds of phone calls after they made demands that the calls stop, leaving them unable to use or possess their cellular phones in the manner in which they wanted to during such time.

56. Defendant knew or should have known that its phone calls were not consented to, as Plaintiffs stated that Defendant must cease contacting them.

57. Defendant caused damage to Plaintiffs' cellular phones, including, but not limited to, the wear and tear caused to their cellular phones, the loss of battery charge, and the loss of battery life.

58. Plaintiffs also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with their possession of their cellular phones.

WHEREFORE, Plaintiffs SARAH BROWN and BOB BROWN, respectfully requests that the Honorable Court enter judgment in their favor as follows:

    a. Enter judgment in favor of Plaintiffs and against Defendant;

    b. Award Plaintiffs actual damages in an amount to be determined at trial;

    c. Award Plaintiffs punitive damages in an amount to be determined at trial;

    d. Enjoining Defendant from contacting Plaintiffs;

    e. Award any other relief the Honorable Court deems equitable and just.

### COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiffs restate and reallegs paragraphs 1 through 58 as though fully set forth herein.

60. "A claim for intentional infliction of emotional distress requires Claimant to show that (1) Defendant intended to cause emotional distress, or knew or should have known that actions taken would result in serious emotional distress; (2) Defendant's conduct was extreme and outrageous;

(3) Defendant's actions proximately caused Plaintiffs' psychic injury; and (4) the mental anguish Claimant suffered was serious." *Hanly v. Riverside Methodist Hosp.*, 78 Ohio App. 3d 73, 82, 603 N.E.2d 1126, 1132 (1991) (citation omitted).

61. Defendant knew or should have known that its never-ending calling coupled with its blatant refusal to comply with Plaintiffs' cease demand would result in serious emotional distress on the part of the Plaintiffs.

62. Plaintiffs indeed experienced and continues to experience emotional distress due to Defendant's continual disregard for Plaintiffs' demands and wishes.

63. Defendant's conduct is extreme and outrageous when it incessantly attempted to intimidate and coerce Plaintiffs into making payments via threats and of never stop calling and harassment of never ending calling.

64. Such conduct proximately caused Plaintiffs' mental anguish.

65. As pled above, Plaintiffs were severely damaged by Defendant's conduct.

WHEREFORE, Plaintiffs SARAH BROWN and BOB BROWN, respectfully requests that the Honorable Court enter judgment in their favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiffs his actual damages in an amount to be determined at trial;

   c. Awarding Plaintiffs punitive damages in an amount to be determined at trial; and

   d. Awarding any other relief as the Honorable Court deems just and appropriate.

Dated: February 23, 2022

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff

Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com